IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SAUL GARCIA,

        Petitioner,

    v.                   CASE NO.  14-3180-RDR

CLAUDE MAYE, Warden,

        Respondent.

## MEMORANDUM AND ORDER

    This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by Mr. Garcia while he was confined at the United States Penitentiary, Leavenworth, Kansas.[1] Having examined the materials filed, the court finds that this is Mr. Garcia's second attempt to challenge his federal conviction or sentence in a § 2241 petition in the district of his confinement rather than by motion in the sentencing court, which is the exclusive remedy for such claims. Accordingly, the court dismisses this petition for lack of jurisdiction.

**BACKGROUND FACTS AND CLAIMS**

    The court takes judicial notice of the records in *Garcia v. United States Attorney General, et al.,* Case No. 10-3147-RDR (D.Kan. Nov. 12, 2010), and written opinions in Mr. Garcia's criminal case. The following background facts are garnered from

---

[1]    He has since notified the court of his transfer to Herlong-FCI, Herlong, California.

these records.   Mr. Garcia was convicted in the United States District Court for the Southern District of Indiana of conspiracy to distribute in excess of 500 grams of methamphetamine in violation of 28 U.S.C. §§ 841(a)(1) and 846. (*USA v. Garcia*, 07-cr-0012-09 (S.D. Ind.)).   He was found guilty by a jury and sentenced in 2007 to 380 months in prison.   His direct appeal to the Seventh Circuit Court of Appeals was denied in 2009.  *United States V. Garcia*, 580 F.3d 528, 542-43 (7th Cir. 2009), *cert. denied*, *Decker v. U.S.*, 559 U.S. 957 (2010).   In 2010, Mr. Garcia filed a § 2241 petition in the United States District Court for the District of Columbia, which was transferred to this court and ultimately dismissed for lack of jurisdiction.  *See Garcia*, Case No. 10-3147-RDR.

Petitioner claims that he is entitled to relief on the following grounds: (1) his counsel filed a motion for leave to withdraw "pursuant to *Anders v. California*" stating that "upon review of the record" he "could not find any non-frivolous arguments to raise on appeal" and was allowed to withdraw leaving Mr. Garcia without counsel; (2) his counsel was ineffective for failing to file an appeal and he was blocked from appellate review; (3) there was no conspiracy; (4) he "merely sold a jet ski, not a jet;" (5) he is "entitled to relief based upon due process . . . under the Fifth Amendment and Supreme Court rulings in *Apprendi v. New Jersey*" and *Alleyne*

*v. United States*; and (6) *Alleyne* should be found to retroactively apply on collateral review.  He also refers to a "multiplicitous indictment."  The court notes in passing that none of these claims is supported with more than vague allegations and conclusory statements.

**STANDARDS**

Mr. Garcia was informed by this court in his prior § 2241 action regarding the relevant provisions of 28 U.S.C. § 2255.  § 2255(a) provides:

> A prisoner in custody under sentence of a (federal) court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States. . , or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Id.* Subsection (e) of Section 2255 provides:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id.*

**DISCUSSION**

The petition filed in this case is deficient in several respects.  First, it is not upon court-approved forms.  Mr. Garcia is obligated, despite his pro se status, to comply with

local court rules.   Second, petitioner has made no attempt to satisfy the statutory filing fee prerequisites.   He has neither paid the filing fee nor submitted any type of motion to proceed in forma pauperis (IFP).   An IFP motion must likewise be submitted upon court-approved forms.   Furthermore, an IFP motion must contain an affidavit and be accompanied by an institutional account statement showing at least a current balance.   28 U.S.C. § 1915.   Mr. Garcia was previously made aware of these statutory prerequisites.   He does not satisfy the prerequisite to provide current financial and inmate account by stating that "his economic status remains unchanged from original conviction." Nor is he entitled to a waiver of the statutory fee prerequisites by his request "to proceed in forma pauperis as a continuation of" his criminal case or his unexplained citation to "Rule 60(b) et seq. (Error Coram Nobis)."[2]

Furthermore, petitioner's claims in the instant § 2241 petition, like those in his prior petition, are clearly attacks upon his federal conviction or sentence.   As the court ruled in Mr. Garcia's prior action, this court lacks jurisdiction under § 2241 to hear such claims.   He was advised in his prior action that once a direct appeal has been completed, a federal prisoner's exclusive remedy for challenges to his conviction or

---

[2]     Had Mr. Garcia filed the more appropriate § 2255 motion in his criminal case instead of this § 2241 habeas petition in the district of his confinement, he might have avoided a filing fee.

sentence is a § 2255 motion filed in the sentencing court:

> A motion under § 2255 is the "exclusive remedy" for
> challenging a federal conviction and sentence unless
> there is a showing that the remedy is inadequate or
> ineffective. *See* 28 U.S.C. § 2255; *Haugh v. Booker*,
> 210 F.3d 1147, 1149 (10th Cir. 2000).

*Garcia*, Case No. 10-3147-RDR (Doc. 5) at 3-4.  Mr. Garcia was

not sentenced in this court.  He was further informed of the

long-standing holding that:

> A § 2241 Petition "is not an additional, alternative,
> or supplemental remedy to the relief afforded by
> motion in the sentencing court under § 2255."
> *Williams v. United States*, 323 F.2d 672, 673 (10th Cir.
> 1963)(per curiam), *cert. denied*, 377 U.S. 980 (1964).

*Id.; Williams v. U.S.*, 323 F.2d 672, 673 (10th Cir. 1963), *cert.*

*denied*, 377 U.S. 980 (1964); *see also Johnson v. Taylor*, 347

F.2d 365, 366 (10th Cir. 1965).

Mr. Garcia believes he is entitled to review by this court

under § 2241 by virtue of the "savings clause" exception in §

2255(e).  The Tenth Circuit Court of Appeals has explained this

exception:

> Following AEDPA's enactment, federal prisoners who are
> barred from bringing second or successive § 2255
> motions may still be able to petition for habeas
> relief under § 2241 through the mechanism of §
> 2255(e)'s savings clause. "To fall within the ambit of
> [the] savings clause and so proceed to § 2241, a
> prisoner must show that 'the remedy by motion [under §
> 2255] is inadequate or ineffective to test the
> legality of his detention.' *Prost,* [*v. Anderson,*] 636
> F.3d [578, 581 (10th Cir.), *cert. denied*, 132 s.Ct.
> 1001 (2012)](quoting 28 U.S.C. § 2255(e)).  Section
> 2255, however, has been found to be "inadequate or
> ineffective"     only     in     "extremely     limited

circumstances." *Caravalho v. Pugh*, 177 F.3d 1177,
1178 (10th Cir. 1999); see *Brace [v. United States*,
634 F.3d 1167,] 1169 [10th Cir. 2011](stating that " §
2255 will rarely be an inadequate or ineffective
remedy to challenge a conviction"). In *Prost*, we set
forth our test: we ask "whether a petitioner's
argument challenging the legality of his detention
could have been tested in an initial § 2255 motion. If
the answer is yes, then the petitioner may not resort
to the savings clause and § 2241."  636 F.3d at 584.

*Abernathy v. Wandes*, 713 F.3d 538, 547 (10th Cir. 2013).  It is

the petitioner's burden to show that the § 2255 remedy is

inadequate or ineffective.  *Caravalho*, 177 F.3d at 1178; *see*

*also Abernathy*, 713 F.3d at 549 ("It is Mr. Abernathy's burden

to show that he meets § 2255(e)'s savings clause.").  "[T]he

savings clause doesn't guarantee results, only process."

*Abernathy*, 713 F.3d at 550 (*quoting Prost*, 636 F.3d at 590).  A

petitioner's dissatisfaction or disagreement with the sentencing

court's decisions on claims in his § 2255 motion does not

entitle him to raise the same claims in a § 2241 petition under

the savings clause.   In fact, even a district or appellate

court's "erroneous decision on a § 2255 motion does not render

the § 2255 remedy inadequate or ineffective." *Sines v. Wilner*,

609 F.3d 1070, 1072-74 (10th Cir. 2010); *Abernathy*, 713 F.3d at

538 (citing 28 U.S.C. §§ 2241, 2255(e))("The plain language of

the savings clause in statute governing motions to vacate, set

aside, or correct sentence does not authorize resort to federal

habeas relief simply because a court errs in rejecting a good argument . . . .").

Mr. Garcia attempts to invoke the savings clause by simply stating that "[w]hen § 2255 is unavailable" or inadequate "or [in]effective then the savings clause applies in order to avoid a manifest miscarriage of justice."  His mere recitation of these legalistic phrases is wholly inadequate to satisfy his burden.  He does not allege a single fact to establish that his remedy under § 2255 was either unavailable or "inadequate or ineffective."  His formulaic recitation of the savings clause test does not supply the necessary factual basis.  The petition is filled only with arguments on the merits of his habeas claims.  Moreover, petitioner makes no mention of his Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255" filed in the sentencing court, which was denied.  *See Garcia v. U.S.*, 2013 WL 1703739 (S.D.Ind. Apr. 19, 2013).  The written opinion of the sentencing court on that motion reflects that Mr. Garcia was able to raise numerous claims testing the legality of his confinement.  He alleges no facts to suggest that the claims raised in this § 2241 petition could not have been presented in that § 2255 proceeding.[3]  Likewise he alleges

---

[3]     Once a prisoner has utilized his § 2255 remedy, in order to raise the claim in a subsequent § 2255 motion that he is entitled to habeas corpus relief based on a "new rule of constitutional law," he must seek preauthorization from the appropriate Circuit Court of Appeals and must qualify under the standards set forth in 28 U.S.C. 2255(h)(2).  *See* 28 U.S.C.

no facts to support his assertion of miscarriage of justice. The conclusion is inescapable that Mr. Garcia has not met his burden of showing that his § 2255 remedy was inadequate or ineffective. He has thus failed to establish his entitlement to petition for relief from his federal conviction or sentence under § 2241 "through the mechanism of § 2255(e)'s savings clause." *See Prost*, 636 F.3d at 584 (If a "petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion," then "the petitioner may not resort to the savings clause and § 2241"); *Abernathy*, 713 F.3d at 545.

As noted, neither a petitioner's disappointment with the sentencing court's decision on his § 2255 motion nor even an erroneous decision by the sentencing court entitles him to invoke the savings clause. Moreover, petitioner's additional bald assertions of jurisdiction "with 28 U.S.C. § 1651 and Rule 60(b)," "error coram nobis", "error coram nobis" and "all writs" are not supported by any facts or legal theory and fail to establish an alternative basis for this court's jurisdiction over his claims.

Finally, the court notes that petitioner's challenges to his federal conviction or sentence are clearly "second and successive." As noted, Mr. Garcia filed a prior § 2241 petition

§ 2244. His inability to meet the standards for filing a second and successive § 2255 motion does not establish that the remedy is ineffective.

in 2010 that was dismissed and a § 2255 motion in 2013 that was considered and denied.  Section 2255 motions are subject to two significant statutory "gate-keeping" restrictions: a one-year statute of limitations in § 2255(f); and a ban on second and successive motions in § 2255(e).  A habeas petitioner may not avoid either restriction by simply recasting his claims as under § 2241.  The mere fact that a federal prisoner may be precluded from filing a § 2255 motion by either the second and successive provision or the one-year time limitation does not render his claims cognizable under § 2241.  The sentencing court's or the appropriate appellate court's refusal to consider claims that are second and successive has expressly been held not to establish that the § 2255 remedy was inadequate or ineffective. *Sines*, 609 F.3d at 1072–74.

The court finds it would not serve the interests of justice to construe this § 2241 petition as a § 2255 motion and transfer it to the Court of Appeals for the Seventh Circuit for its consideration of preauthorization.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is hereby assessed the filing fee of $5.00 and must either submit this fee in full within ten (10) days of this Order or alternatively a proper motion to proceed in forma pauperis upon court-approved forms with a certified statement of his current institutional account balance.

**IT IS FURTHER ORDERED** that this action is dismissed without prejudice for lack of jurisdiction.

The clerk is directed to send IFP forms to petitioner.

**IT IS SO ORDERED.**

**DATED:  This 16**[th] **day of June, 2015, at Topeka, Kansas.**

s/RICHARD D. ROGERS
**United States District Judge**